FILED
2015 Jun-04  AM 11:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **BRANDON SHANE MUNDY,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case Nos.:  5:14-cv-08050-RDP** |
| | } | **5:13-cr-00012-RDP-TMP** |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

**MEMORANDUM OPINION**

This matter is before the court on Petitioner Brandon Shane Mundy's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.  (Doc. # 1).  The Government has responded to the Motion (Doc. # 12), and Petitioner has replied and submitted additional evidence in the form of affidavits.  (Doc. # 15).

**I.      Background**

Petitioner was indicted on one charge of violating another's constitutional rights under color of law, in violation of 18 U.S.C. § 242.  On April 25, 2013, Petitioner appeared with Attorney J. Tim Coyle for a change of plea hearing and entered a plea of guilty to the single count of the Indictment. There was no written plea agreement. (Doc. # 12-1).

Petitioner raises a single argument in his Motion.  He asserts that he was denied the effective assistance of counsel because his trial attorney advised him that he would receive no more than 15 months imprisonment upon his plea of guilty.  (Docs. # 1 and 15).  He has submitted an affidavit which states that had his attorney "explained anything to be related to 51-

63 months" he "would never have plead guilty." (Doc. # 15 at 14).  The court addresses Petitioner's claim below.

## II.     Discussion

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without personal jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255, ¶ 1.  It is well settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).  Here, Petitioner seeks relief on the ground that he received ineffective assistance of counsel.

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court established a two-prong test for adjudicating ineffective assistance of counsel claims.  Both prongs of the test must be met for Petitioner to succeed.  *Id.* at 687.  First, Petitioner must show that counsel's performance was deficient, *i.e.*, the performance was outside the range of professionally competent assistance.  *Id.*  The proper measure of an attorney's performance is "reasonableness under prevailing professional norms."   *Id.* at 688.  Unless a petitioner can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," he cannot show that counsel's performance was constitutionally deficient. *Id.* at 689. "The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  [The court asks] only whether some reasonable lawyer … could have acted, in the circumstances, as defense counsel acted …."   *White v.*

*Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992); *see also Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance").

Second, Petitioner must establish prejudice, such that there is a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  Because Petitioner must meet both parts of the test, the court need not address the performance prong if Petitioner cannot meet the prejudice prong, and vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

### A.      Burden of Proof

While "significant misleading statements of counsel" related to the length of a potential sentence that prompt a defendant to plead guilty can amount to ineffective assistance, *Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972)[1], where, as here, a court correctly advises a defendant at the plea colloquy about his potential sentence, including its possible maximum and minimum, a defendant generally cannot establish prejudice on an effective-assistance claim based on an erroneous sentence prediction. *See, e.g., United States v. Pease*, 240 F.3d 938, 941-42 (11th Cir. 2001); *Harris v. United States*, 769 F.2d 718, 720 n. 1 (11th Cir. 1985).

During the court's plea colloquy with Petitioner, the following exchange occurred which demonstrates Petitioner's argument to be without merit:

> THE COURT: All right. So you understand the charge made against you in this case?
>
> THE DEFENDANT: Yes, Your Honor.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

THE COURT: Now, my understanding is there is no Plea Agreement that's been reached by the parties; is that correct?

MS. HOLT: That's correct, Your Honor.

THE COURT: All right. All right. What I want to do next, Mr. Mundy, is cover with you the maximum penalties, the statutory penalties, that come into play with respect to a conviction under Count 1 for this particular criminal violation that you've been charged with.

That carries with it -- a conviction would carry with it a fine of not more than $250,000, **custody of not more than ten years,** a supervised release term of not more than three years at the end of any custodial sentence. There would be an assessment fee of $100.

Is the government seeking restitution in this case?

MS. HOLT: No, Your Honor, there's no restitution issue.

THE COURT: I didn't think there was a restitution claim. The guidelines, however, apply, and we'll talk about those in more detail in just a moment. Do you understand all those things?

THE DEFENDANT: Yes, Your Honor.

THE COURT: **So you understand the maximum penalties in this case?**

**THE DEFENDANT: Yes, Your Honor.**

THE COURT: Have you and your lawyer talked about the sentencing Guidelines, and although they are advisory and not mandatory, how they may apply to your case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you understand that in determining a sentence, the Court will consider the applicable guidelines. That's a starting point. However, ultimately the question will be what a reasonable sentence is in this case.

**And a reasonable sentence could exist below the guideline range, within the guideline range or even above the guideline range. Do you understand that?**

**THE DEFENDANT: Yes, Your Honor.**

4

THE COURT: A reasonable sentence by definition is the sentence that's sufficient but not greater than necessary to achieve the statutory purposes of sentencing. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: **And if you get a guideline range different than you're expecting or a sentence higher than you're expecting, that would not give you the right to seek the withdrawal of the guilty plea that you're in the process of entering. Do you understand all that too?**

**THE DEFENDANT: Yes, Your Honor.**

THE COURT: Do you understand the charge made against you and the ranges of punishment available for that charge?

THE DEFENDANT: Yes, Your Honor.

THE COURT: **Has anyone made any promise to you or assurance to you to cause you to plead guilty in this case?**

**THE DEFENDANT: No, Your Honor.**

**THE COURT: Has anyone threatened you or coerced you in any way to cause you to plead guilty in this case?**

**THE DEFENDANT: No, Your Honor.**

**THE COURT: Are you pleading guilty because you're, in fact, guilty of the charge made against you in Count 1?**

**THE DEFENDANT: Yes, sir, Your Honor.**

THE COURT: All right. Miss Holt and Mr. Coyle, are each of you satisfied the Defendant fully understands the charge against him, the consequences of him entering a guilty plea, and that he's knowingly and voluntarily doing so?

MS. HOLT: Yes, Your Honor.

MR. COYLE: Yes, Your Honor.

(Doc. # 12-1 at pp. 8-12) (emphasis added).

"[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir.

1988). "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Petitioner's sworn statements in open court that his guilty plea was not induced by any promises or assurances -- and that he understood that the sentence imposed might be different from any estimate made by his attorney or anyone else -- preclude the relief he seeks.  Here, the court was crystal clear with Petitioner at his plea hearing.  He was expressly told that a sentence higher than he was expecting would not permit him to withdraw his guilty plea.  In addition, he confirmed under oath that no one made any promise to him to cause him to plead guilty.  In fact, Petitioner stated under oath that he was pleading guilty because he was actually guilty of the crime he was charged with.  These statements refute Petitioner's assertion that his plea was induced by assurances from his counsel regarding his sentence and reflect that he entered his guilty plea fully aware of the possibility of a sentence of up to ten years' imprisonment.[2]

## III.    Conclusion

A defendant's representations regarding the voluntary nature of his plea at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Petitioner has failed to demonstrate that his guilty plea was involuntary or that his counsel rendered ineffective assistance by inducing him to plead guilty based on erroneous promises about his sentence. Thus, Petitioner's ineffective assistance of counsel claim at the plea stage fails on the merits.  A separate order will be entered.

The Clerk is **DIRECTED** to serve a copy of this order upon Petitioner.

---

[2] Because Petitioner has failed to establish the prejudice prong, it is unnecessary to resolve the factual dispute regarding whether counsel advised Petitioner regarding the potential sentencing range.  *Holladay*, 209 F.3d at 1248.

**DONE** and **ORDERED** this June 4, 2015.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE